IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

MARIAN J. MENSIE, on behalf of herself
and on behalf of all others similarly situated                 PLAINTIFF

VS.                 NO. 4:17-cv-85-DPM

TOYOTA MOTOR CREDIT CORPORATION             DEFENDANT

## **AGREED PROTECTIVE ORDER**

The parties to this case, through their respective counsel, agree that pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, they will protect the confidentiality of certain information (including deposition testimony) and documents (including documents stored in any electronic format). The parties agree that the confidentiality of this information and these documents shall be preserved under the terms of this Protective Order.

1.     It is agreed that material requested by or of any of the parties, and any non-parties from which discovery may be sought, which they deem confidential, shall be disclosed only to the following individuals, each of whom shall be required to read this Protective Order and agree to abide by its terms before being given any of the information:

a. Counsel for plaintiff and counsel for defendant who are actively engaged in the conduct of this litigation and their staff to the extent reasonably necessary to render professional services in the litigation;

b. The parties to the litigation and their experts;

c. Witnesses providing sworn deposition testimony;

d. The Court and its staff; and

e. Any other individuals included by order of the Court.

Documents produced by the parties to which this Protective Order is applicable shall be stamped "CONFIDENTIAL" by the party desiring the document to be designated confidential.

2. The inadvertent production, without designation as confidential, of information or a document intended to be designated or that should have been designated as being confidential shall not waive the right to so designate such document or information. Any information or documentation that is inadvertently not designated as being confidential when produced shall be, upon written request of the producing party, thereafter treated as being designated as confidential under this Protective Order.

3. A party or non-party may designate as "CONFIDENTIAL" portions of any deposition transcript wherein confidential information or materials designated as "CONFIDENTIAL" are identified, discussed, or disclosed. Portions

of a deposition transcript so designated will be subject to the terms of this Protective Order. The designation must be made by letter sent by facsimile or electronic mail to opposing counsel within twenty-one (21) business days after receipt of the transcript. Any confidentiality designation asserted on the record during a deposition must be confirmed in writing within this same time period, providing the specific pages of the transcript that are designated as "CONFIDENTIAL." The portions of a deposition transcript that mention or discuss materials designated as "CONFIDENTIAL" must be treated as "CONFIDENTIAL" and therefore subject to this Protective Order until 5:00 p.m. Central Time on the twenty first (21st) business day after receipt of the transcript. All portions of the deposition transcript not designated as "CONFIDENTIAL" by 5:00 p.m. Central Time on the twenty first (21st) business day after receipt of the transcript are excluded from the protections of this Protective Order.

4.    Designation of documents or information as Confidential Information shall not be effective as to information obtained from the public domain or from sources (other than the Producing Party) who were rightfully in possession of the information and authorized to disclose it, regardless of whether such information is also contained in material designated as Confidential Information by a Producing Party.

5.     Any Party may challenge the designation of Confidential Information. A failure of a Party to challenge expressly a designation of Confidential Information shall not constitute a waiver of the right to assert at any subsequent time that the material designated does not constitute Confidential Information. Any Party that disagrees with the designation of any information as Confidential Information shall notify the opposing Party. The parties shall meet and confer concerning the challenge to the confidentiality designation.  Should the parties not resolve the disagreement, the Parties shall have thirty (30) days after the close of the meet and confer to submit a "Joint Report of Discovery Dispute" explaining the disagreement to the Court.  The burden of proving that the designation is proper under Rule 26(c)(1)(G) shall be upon the designating Party.  The designated information shall be treated as Confidential Information until the Court rules on the discovery dispute.  If a Joint Report of Discovery Dispute is not submitted to the Court in accordance with this Paragraph, or if the Court finds the designation of Confidential Information to have been inappropriate, the challenged designation shall be considered rescinded.  The Parties thereafter shall not be required to treat the information as Confidential Information.

6.     Any Party wishing to file any transcript, chart, brief, affidavit, motion or other document containing or referring to Confidential material  covered by this Protective Order shall first attempt to redact the Confidential material from the

document and then file the redacted transcript, chart, brief, affidavit, motion, and/or document with the Court. If redaction is impracticable, the Parties may file the Confidential document under seal. Any such transcript, chart, brief, affidavit, motion or other document will not be automatically sealed. Instead the filing Party shall file under seal in accordance with applicable law, including the ECF Policies and Procedures of this Court. The parties may agree subsequently to exclude any information or documents produced by parties to this litigation from coverage under this Protective Order and, upon motion of a party (with notice to the producing party) or upon the Court's own motion, the Court may exclude any information or documents from coverage under this Protective Order. Nothing in this Protective Order shall restrict any use by a producing party of its own confidential information or documents. .

7. The information and documentation covered under this Protective Order shall be used only for purposes of this litigation. No individual shall disclose any of the documents or information to any other individual, directly or indirectly, except as authorized by this Protective Order. No individual shall use any of the information or documentation to the detriment of the producing party or for any other business or financial benefit of the individual outside of this litigation.

9.    In the event of a disclosure in violation of this Protective Order (whether intentional or unintentional), the disclosing party shall immediately notify the opposing party of the disclosure and take immediate action to prevent further disclosure.  In the event either party is subpoenaed or otherwise required by legal process to disclose the information, it shall immediately notify the producing party and provide it with an opportunity to object before any disclosure is made.

10.    Within sixty (60) days after the conclusion of all aspects of the litigation of this case, whether by settlement, final judgment or appeal, confidential documents and all copies in print (other than exhibits of record), on computer disc or in any type of electronic format shall be destroyed or returned, at the election of the producing party, to the party or non-party that produced the documents.

11.    Unless this Court orders otherwise, this Order shall remain in effect for one year after this case ends by final disposition, including any appeals.  This Court retains jurisdiction to enforce this Order during that period.  Thereafter, the obligations in this Order shall be solely a matter of contract among the signatories.

IT IS SO ORDERED on this _26th_ day of ___June___ 2017.


_____
UNITED STATES DISTRICT JUDGE

AGREED AS TO FORM AND CONTENT:

Dated: June 19, 2017

| PLAINTIFFS: | DEFENDANTS: |
| --- | --- |

By */s/ Michael B. Phillips*
    Michael B. Phillips
    Brandon K. Moffitt
    Trevor Brent Townsend
    Moffitt & Phillips, PLLC
    204 Executive Court, Suite 100
    Little Rock, AR 7225
    501.255.7406
    mphillips@moffittandphillips.com
    bmoffitt@moffittandphillips.com
    ttownsend@moffitandphillips.com

By */s/ Anna S. McLean*
    Anna S. McLean (*pro hac vice*)
    Joy O. Siu (*pro hac vice*)
    Sheppard, Mullin, Richter &
    Hampton LLP
    Four Embarcadero Center
    17th Floor
    San Francisco, CA 94111
    415.774.3154
    amclean@sheppardmullin.com
    jsiu@sheppardmullin.com

By */s/ Joseph A. Kronawitter*
    Robert A. Horn
    Joseph A. Kronawitter
    Horn Aylward & Bandy, LLC
    2600 Grand Boulevard, Suite 1100
    Kansas City, MO 64108
    816.421.0700
    rhorn@hab-law.com
    jkronawitter@hab-law.com

By */s/ Michael D. Barnes*
    Michael D. Barnes (88071)
    Wright, Lindsey & Jennings LLP
    200 West Capitol Avenue
    Suite 2300
    Little Rock, Arkansas 72201-3699
    501.371.0808
    mdbarnes@wlj.com

By */s/ Brian Timothy Meyers*
    Brian Timothy Meyers
    Brian C. McCart
    Law Offices of Brian Timothy
    Meyers
    1125 Grand Blvd., Suite 1610
    Kansas City, MO 64106
    816.842.0006
    btmeyers@btm-law.com
    bmccart@btm-law.com