IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

MARIAN J. MENSIE, on behalf of
herself and on behalf of all others
similarly situated                                                          PLAINTIFF

v.                              No. 4:17-cv-85-DPM

TOYOTA MOTOR CREDIT
CORPORATION                                                                 DEFENDANT

ORDER

1. Mensie owed more to Toyota Motor Credit Corporation than her RAV4 was worth when the vehicle was totaled in an accident. Her insurance paid TMCC the market value. She called on the "optional guaranteed asset protection (GAP)" coverage that she'd bought at a Toyota dealer with her then-new vehicle to cover the difference. A company named Automotive Warranty Services, Inc., paid most of it, but left a balance of approximately $2,300. TMCC is holding Mensie responsible for this last bit of the debt.

Mensie has responded with this case. She says TMCC broke the GAP contract by not waiving the balance and violated the Arkansas Deceptive Trade Practices Act. She wants to pursue a class action—nationwide on the contract claim, with an Arkansas subclass on the ADTPA claim. TMCC moves to dismiss, saying that it's not on the GAP contract, which (it

continues) was performed according to its terms, and that the class allegations should be stricken.

**2.** TMCC's motion is denied without prejudice and with directions to amend. TMCC has asked, in essence, for judgment on the pleadings, which embrace most of the parties' agreements. But this record isn't clear enough or complete enough for the Court to say that Mensie has pleaded herself out of court. *National Car Rental System v. Computer Associates International*, 991 F.2d 426, 428 (8th Cir. 1993). TMCC needs to stay in for now. It's contract with Mensie was amended to include the GAP coverage, which Mensie argues hard was ambiguous. TMCC stands, in some sense, in place of the dealer who put this multi-part transaction together. The agreement between the dealer and Automotive Warranty Services is not yet of record. And taking the facts pleaded as true, Mensie has stated a plausible claim that some deception was involved. Was it made plain for a consumer like Mensie, who was financing more than 150% of her vehicle's value, that there would be a gap between what the third party would pay TMCC and the debt balance, either for some period or for the life of the loan? The Court is skeptical about a nationwide class. But it's too early to tell, and this issue can be better

resolved later in the case.

Mensie must file an amended complaint by 17 July 2017. Automotive Warranty Services needs to be added as a defendant. And Mensie must clarify whether she received the attached GAP materials from the dealer or Toyota before buying her vehicle and whether she relied on them.

3. The Court appreciates the parties' Rule 26(f) report and will adopt the extended deadline for plaintiff's rebuttal expert. The Court, though, prefers its other proposed deadlines. Any other defendants should be added as soon as practicable. The parties should proceed with discovery.

So Ordered.

*DPMarshall Jr.*
D.P. Marshall Jr.
United States District Judge

27 June 2017