IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF ARKANSAS

WESTERN DIVISION

| | |
|---|---|
| MARIAN J. MENSIE, on behalf of herself and on behalf of all others similarly situated<br>PLAINTIFFS<br><br>v.<br><br>TOYOTA MOTOR CREDIT CORPORATION<br>DEFENDANT<br><br>and<br><br>AUTOMOTIVE WARRANTY SERVICES, INC. | Case No. 4:17-cv-85-DPM<br><br>JURY TRIAL REQUESTED |

## TOYOTA MOTOR CREDIT CORPORATION'S ANSWER TO PLAINTIFFS' AMENDED COMPLAINT

Defendant Toyota Motor Credit Corporation (TMCC), for itself alone, hereby answers Plaintiffs' Amended Complaint – Class Action (FAC) for alleged breach of contract and violations of the Arkansas Deceptive Trade Practices Act (ADTPA), Ark. Code Ann. § 4-88-101, *et seq.*

TMCC admits that Marian J. Mensie (Ms. Mensie or Plaintiff) is the named plaintiff to this action and that the Court ordered Plaintiffs to file an amended complaint in its Order dated June 27, 2017.  The remaining allegations of the prefatory paragraph of the FAC are legal arguments and conclusions to which no

-1-

response is required.  To the extent a response is required, TMCC denies the

allegations of the prefatory paragraph of the FAC except as expressly admitted.

## PARTIES

1.     TMCC lacks knowledge or information sufficient to form a belief as

to the truth or falsity of Paragraph 1 of the FAC and on that basis denies such

allegations.

2.     TMCC admits that it is a California company registered to transact

business within the State of Arkansas, with its principal place of business located

at 19001 S. Western Ave., Torrance, California, and available for service of

process at 124 West Capitol Ave., Suite 1900, Little Rock, Arkansas 72201.

Plaintiffs have misstated the zip code of TMCC's principal place of business and

the entity name of its Registered Agent for Process in Arkansas, and on that basis,

TMCC denies such allegations.  The rest of Paragraph 2 contains legal arguments

and conclusions to which no response is required.  To the extent a response is

required, TMCC denies the allegations of Paragraph 2.

3.     TMCC admits that it is a financial services company and one of the

largest consumer finance companies in the United States.  TMCC admits that as of

its most recent Form 10-K filing with the Securities and Exchange Commission for

the period ending on March 31, 2017, its total assets were $119.635 billion.

Except as expressly admitted, TMCC denies the remaining allegations in Paragraph 3 of the FAC.

4.     TMCC lacks knowledge or information sufficient to form a belief as to the truth or falsity of Paragraph 4 of the FAC and on that basis denies such allegations.

## JURISDICTION AND VENUE

5.     The allegations in Paragraph 5 of the FAC constitute legal arguments and conclusions to which no response is required.  To the extent a response is required, TMCC denies the allegations of Paragraph 5.

6.     The allegations in Paragraph 6 of the FAC constitute legal arguments and conclusions to which no response is required.  To the extent a response is required, TMCC denies the allegations of Paragraph 6.

## FACTUAL ALLEGATIONS WITH RESPECT TO ALL COUNTS

*The Defendants*

7.     Paragraph 7 of the FAC contains legal arguments and conclusions to which no response is required.  To the extent a response is required, TMCC denies the allegations of Paragraph 7 of the FAC.

8.     TMCC admits that it provides retail leasing, retail and wholesale sales financing, and other financial services to Toyota and Lexus dealers and their customers for the purchase of new and used cars and trucks.  Except as expressly admitted, TMCC denies the allegations of Paragraph 8 of the FAC.

9.      TMCC lacks knowledge or information sufficient to form a belief as to the truth or falsity of Paragraph 9 of the FAC and on that basis denies such allegations.

10.     TMCC admits that if a motor vehicle buyer enters into a retail installment contract (RIC) with an auto dealership, the RIC governs the financing arrangement for the vehicle.  Except as expressly admitted, TMCC denies the remaining allegations of Paragraph 10 of the FAC.

11.     TMCC admits that auto dealerships can assign RICs to financial institutions such as TMCC.  Except as expressly admitted, TMCC denies the allegations of paragraph 11 of the FAC.

12.     Paragraph 12 of the FAC contains legal arguments and conclusions to which no response is required.  To the extent a response is required, TMCC denies the allegations of Paragraph 12 of the FAC.

13.     TMCC admits that RICs assigned to it provide that the customer will make periodic payments to TMCC for a specified term, and that the RIC sets forth the principal, interest rate, total amount financed and various other costs, where applicable.  TMCC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 11, and on that basis, denies such allegations.

_How Defendants' Market And Sell Their Gap Policies_

14.     TMCC admits that, where applicable, dealerships may offer "gap" products to customers buying and financing a vehicle.  TMCC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 14, and on that basis, denies such allegations.

15.     TMCC avers that the websites referenced in Paragraph 15 speak for themselves.  As neither website referenced is maintained or authorized by TMCC, TMCC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 15, and on that basis, denies such allegations.

16.     TMCC avers that Exhibit 1 to ECF No. 1 speaks for itself.  TMCC denies the allegations of Paragraph 16 except as expressly admitted, and, in particular, denies that Exhibit 1 may form the basis of any of Plaintiff's claims given her admission in footnote 3 of the FAC that she does not recall seeing it prior to her purchase.

17.     TMCC avers that Exhibit 2 to ECF No. 1 speaks for itself.  TMCC denies the allegations of Paragraph 17 except as expressly admitted, and, in particular, denies that Exhibit 2 may form the basis of any of Plaintiff's claims given her admission in footnote 3 of the FAC that she does not recall seeing it prior to her purchase.

18.     Paragraph 18 of the FAC contains legal arguments and conclusions to which no response is required.  To the extent a response is required, TMCC denies the allegations of paragraph 18 of the FAC.

19.     TMCC admits that "gap" products may be financed as part of a RIC assigned to it.  Except as expressly admitted, TMCC denies the allegations of Paragraph 19 of the FAC.

*Defendants' Gap Policies Are Deliberately Opaque and Ambiguous*

20.     Paragraph 20 of the FAC contains legal arguments and conclusions to which no response is required.  To the extent a response is required, TMCC denies the allegations of Paragraph 20 of the FAC.

21.     Paragraph 21 of the FAC contains legal arguments and conclusions to which no response is required.  To the extent a response is required, TMCC avers that the AWS GAP Contract speaks for itself, and denies the remaining allegations of Paragraph 21 of the FAC.

22.     Paragraph 22 of the FAC contains legal arguments and conclusions to which no response is required.  To the extent a response is required, TMCC avers that the AWS GAP Contract speaks for itself, and denies the remaining allegations of Paragraph 22 of the FAC.

23.     Paragraph 23 of the FAC contains legal arguments and conclusions to which no response is required.  To the extent a response is required, TMCC avers

that the AWS GAP Contract speaks for itself, and denies the remaining allegations of Paragraph 23 of the FAC.

24.     Paragraph 24 of the FAC contains legal arguments and conclusions to which no response is required.  To the extent a response is required, TMCC avers that the AWS GAP Contract speaks for itself, and denies the remaining allegations of Paragraph 24 of the FAC.

25.     Paragraph 25 of the FAC contains legal arguments and conclusions to which no response is required.  To the extent a response is required, TMCC denies the allegations of Paragraph 25 of the FAC.

26.     Paragraph 26 of the FAC contains legal arguments and conclusions to which no response is required.  To the extent a response is required, TMCC denies the allegations of Paragraph 26 of the FAC.

27.     Paragraph 27 of the FAC contains legal arguments and conclusions to which no response is required.  To the extent a response is required, TMCC denies the allegations of Paragraph 27 of the FAC.

*Plaintiff Falls Victim To Defendants' Tactics*

28.     TMCC admits the allegations of Paragraph 28 of the FAC.

29.     TMCC avers that Exhibit 3 to ECF No. 1 speaks for itself, and admits that Ms. Mensie's RIC is attached as Exhibit 3 to Doc. #1.  Except as expressly admitted, TMCC denies the remaining allegations of Paragraph 29.

30.    TMCC avers that Exhibit 4 to ECF No. 1 speaks for itself, and admits that Ms. Mensie's AWS GAP contract is attached as Exhibit 4 to Doc. #1.  Except as expressly admitted, TMCC denies the remaining allegations of Paragraph 30.

31.    TMCC lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 31 and on that basis denies the allegations of Paragraph 31 of the FAC.

32.    TMCC lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 32 and on that basis denies the allegations of Paragraph 32 of the FAC.

33.    TMCC lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 33 and on that basis denies the allegations of Paragraph 33 of the FAC.

34.    Paragraph 34 of the FAC contains legal arguments and conclusions to which no response is required.  To the extent a response is required, TMCC avers that the RIC speaks for itself, and denies the remaining allegations of Paragraph 34 of the FAC.

35.    Paragraph 35 of the FAC contains legal arguments and conclusions to which no response is required.  To the extent a response is required, TMCC avers that the RIC speaks for itself, and denies the remaining allegations of Paragraph 35 of the FAC.

36.     Paragraph 36 of the FAC contains legal arguments and conclusions to which no response is required.  To the extent a response is required, TMCC avers that the Gap Contract speaks for itself, and denies the remaining allegations of Paragraph 36 of the FAC.

37.     Paragraph 37 of the FAC contains legal arguments and conclusions to which no response is required.  To the extent a response is required, TMCC avers that the Gap Contract speaks for itself, and denies the remaining allegations of Paragraph 37 of the FAC.

38.     Paragraph 38 of the FAC contains legal arguments and conclusions to which no response is required.  To the extent a response is required, TMCC avers that the Gap Contract speaks for itself, and denies the remaining allegations of Paragraph 38 of the FAC.

39.     Paragraph 39 of the FAC contains legal arguments and conclusions to which no response is required.  To the extent a response is required, TMCC avers that the Gap Contract speaks for itself, and denies the remaining allegations of Paragraph 39 of the FAC.

40.     Paragraph 40 of the FAC contains legal arguments and conclusions to which no response is required.  To the extent a response is required, TMCC avers that the RIC speaks for itself, and denies the remaining allegations of Paragraph 40 of the FAC.

41.     Paragraph 41 of the FAC contains legal arguments and conclusions to which no response is required.  To the extent a response is required, TMCC admits that the Court ordered Plaintiffs to file an amended complaint adding AWS as a defendant in its Order dated June 27, 2017.  Except as expressly admitted, TMCC denies the remaining allegations of Paragraph 41 of the FAC.

42.     Paragraph 42 of the FAC contains legal arguments and conclusions to which no response is required.  To the extent a response is required, TMCC denies the allegations of Paragraph 42 of the FAC.

43.     TMCC admits that Ms. Mensie's vehicle was deemed a total loss and that an insurance payment was applied to Ms. Mensie's deficiency balance in the amount of $24,431.45.  TMCC lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 43 and on that basis denies the remaining allegations of Paragraph 43 of the FAC.

44.     TMCC admits that, on or about the time of her accident,  Ms. Mensie owed $38,129.79 under her RIC.  Except as expressly admitted, TMCC denies the remaining allegations of paragraph 44 of the FAC.

45.     TMCC admits that it credited Ms. Mensie's account for the unused portions of the Mechanical Repair Agreement and Prepaid Maintenance Agreement, and that Ms. Mensie had a "gap" between the amount she owed under

her RIC and the amount TMCC received from her insurer.   Except as expressly admitted, TMCC denies the remaining allegations of Paragraph 45 of the FAC.

46.     Paragraph 46 of the FAC contains legal arguments and conclusions to which no response is required.  To the extent a response is required, TMCC avers that Exhibit 5 to ECF No. 1 speaks for itself.  TMCC denies the allegations of Paragraph 46 except as expressly admitted.

47.     Paragraph 47 of the FAC contains legal arguments and conclusions to which no response is required.  To the extent a response is required, TMCC denies the allegations of Paragraph 47 of the FAC.

48.     Paragraph 48 of the FAC contains legal arguments and conclusions to which no response is required.  To the extent a response is required, TMCC denies the allegations of Paragraph 48 of the FAC.

49.     Paragraph 49 of the FAC contains legal arguments and conclusions to which no response is required.  To the extent a response is required, TMCC denies the allegations of Paragraph 49 of the FAC.

50.     TMCC admits that it interpreted Ms. Mensie's GAP Contract in a manner consistent with its terms.  TMCC lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 50 regarding AWS's construction of GAP Contracts, and on that basis denies such allegations.  TMCC denies the remaining allegations of Paragraph 50 except as expressly admitted.

51.     Paragraph 51 of the FAC contains legal arguments and conclusions to which no response is required.  To the extent a response is required, TMCC denies the allegations of Paragraph 51 of the FAC.

## CLASS ACTION ALLEGATIONS

52.     Paragraph 52 of the FAC contains legal arguments and conclusions to which no response is required.  To the extent a response is required, TMCC denies the allegations of Paragraph 52 of the FAC.

53.     Paragraph 53 of the FAC contains legal arguments and conclusions to which no response is required.  To the extent a response is required, TMCC denies the allegations of Paragraph 53 of the FAC.

54.     Paragraph 54 of the FAC contains legal arguments and conclusions to which no response is required.  To the extent a response is required, TMCC denies the allegations of Paragraph 54 of the FAC.

55.     Paragraph 55 of the FAC contains legal arguments and conclusions to which no response is required.  To the extent a response is required, TMCC denies the allegations of Paragraph 55 of the FAC.

56.     Paragraph 56 of the FAC contains legal arguments and conclusions to which no response is required.  To the extent a response is required, TMCC denies the allegations of Paragraph 56 of the FAC.

57.     Paragraph 57 of the FAC contains legal arguments and conclusions to which no response is required.  To the extent a response is required, TMCC denies the allegations of Paragraph 57 of the FAC.

## COUNT I—NATIONWIDE CLASS
## BREACH OF CONTRACT

The allegations of the prefatory paragraph of Count I are legal arguments and conclusions to which no response is required.  To the extent a response is required, TMCC denies the allegations of the prefatory paragraph.

58.     TMCC incorporates by reference its denials as set forth in paragraphs 1-57 of this Answer.

59.     Paragraph 59 of the FAC contains legal arguments and conclusions to which no response is required.  To the extent a response is required, TMCC denies the allegations of Paragraph 59 of the FAC.

60.     TMCC admits that Plaintiff paid a fee for her GAP Contract.  TMCC lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 60 and on that basis denies the remaining allegations of Paragraph 60 of the FAC.

61.     Paragraph 61 of the FAC contains legal arguments and conclusions to which no response is required.  To the extent a response is required, TMCC lacks knowledge or information sufficient to form a belief as to the truth of the

remaining allegations of Paragraph 61 and on that basis on that basis denies the allegations of Paragraph 61 of the FAC.

62.     Paragraph 62 of the FAC contains legal arguments and conclusions to which no response is required.  To the extent a response is required, TMCC denies the allegations of Paragraph 62 of the FAC.

63.     Paragraph 63 of the FAC contains legal arguments and conclusions to which no response is required.  To the extent a response is required, TMCC denies the allegations of Paragraph 63 of the FAC.

## COUNT II—ARKANSAS SUBCLASS
## ARKANSAS DECEPTIVE TRADE PRACTICES ACT

The allegations of the prefatory paragraph of Count II are legal arguments and conclusions to which no response is required.  To the extent a response is required, TMCC denies the allegations of the prefatory paragraph.

64.     TMCC incorporates by reference its denials as set forth in paragraphs 1-63 of this Answer.

65.     Paragraph 65 of the FAC contains legal arguments and conclusions to which no response is required.  To the extent a response is required, TMCC avers that the text of the Arkansas Deceptive Trade Practices Act, §4-88-101, *et seq.*, speaks for itself, and denies the remaining allegations of Paragraph 65 of the FAC.

66.     Paragraph 66 of the FAC contains legal arguments and conclusions to which no response is required.  To the extent a response is required, TMCC avers

that Ark. Code Ann. section 4-88-107 speaks for itself, and denies the remaining allegations of Paragraph 66 of the FAC.

67.    Paragraph 67 of the FAC contains legal arguments and conclusions to which no response is required.  To the extent a response is required, TMCC avers that Ark. Code Ann. section 4-88-101, *et seq.*, speaks for itself, and denies the remaining allegations of Paragraph 67 of the FAC.

68.    Paragraph 68 of the FAC contains legal arguments and conclusions to which no response is required.  To the extent a response is required, TMCC denies the allegations of Paragraph 68 of the FAC.

69.    Paragraph 69 of the FAC contains legal arguments and conclusions to which no response is required.  To the extent a response is required, TMCC denies the allegations of Paragraph 69 of the FAC.

70.    Paragraph 70 of the FAC contains legal arguments and conclusions to which no response is required.  To the extent a response is required, TMCC denies the allegations of Paragraph 70 of the FAC.

71.    Paragraph 71 of the FAC contains legal arguments and conclusions to which no response is required.  To the extent a response is required, TMCC denies the allegations of Paragraph 71 of the FAC.

72.     Paragraph 72 of the FAC contains legal arguments and conclusions to which no response is required.  To the extent a response is required, TMCC denies the allegations of Paragraph 72 of the FAC.

73.     TMCC admits that Plaintiff seeks the relief set forth in the FAC.  The remaining allegations of the prayer paragraph of the FAC are legal arguments and conclusions to which no response is required.  To the extent a response is required, TMCC denies the allegations of the prayer paragraph of the FAC except as expressly admitted.

## DEMAND FOR JURY TRIAL

74.     TMCC admits that Plaintiff demands a jury trial.  The remaining allegations of the demand for jury trial are legal arguments and conclusions to which no response is required.  To the extent a response is required, TMCC denies the allegations of the prayer paragraph of the FAC except as expressly admitted.

## AFFIRMATIVE DEFENSES

75.     TMCC alleges its separate and affirmative defenses as follows.  By alleging the matters set forth in these defenses, TMCC does not allege or admit that it has the burden of proof and/or persuasion with respect to any of these matters.  TMCC reserves the right to raise additional affirmative defenses as they become known to it through discovery in this case.

## First Affirmative Defense

### (Failure to State a Claim)

76.     Each and every purported cause of action in the FAC fails to state facts sufficient to constitute a claim for relief against TMCC.

## Second Affirmative Defense

### (No Breach)

77.     TMCC performed any and all contractual duties owed to Plaintiff and/or putative class members and therefore Plaintiff and/or the putative class members are precluded from asserting any cause of action against TMCC.

## Third Affirmative Defense

### (Unclean Hands)

78.     Plaintiff and/or putative class members come to this Court with unclean hands, and thus their claims against TMCC are barred by the doctrine of unclean hands.

## Fourth Affirmative Defense

### (Waiver)

79.     Plaintiff's and/or putative class members' claims against TMCC are barred by the doctrine of waiver.

## Fifth Affirmative Defense

### (Estoppel)

80.     Plaintiff's and/or putative class members' claims against TMCC are barred by the doctrine of estoppel.

## Sixth Affirmative Defense

### (Statutes of Limitation)

81.     Plaintiff's and/or putative class members' claims are barred by the applicable statutes of limitation, including, but not limited to, Ark. Code Ann. §§ 16-56-111 and 4-88-115.

## Seventh Affirmative Defense

### (Laches)

82.     Plaintiff's and/or putative class members' claims are barred by the doctrine of laches because Plaintiff and putative class members delayed an unreasonable period of time before bringing this action, and such delay caused detriment and prejudice to TMCC.

## Eighth Affirmative Defense

### (Excessive Penalty and Arkansas Due Process Rights)

83.     Plaintiff's and/or putative class members' claims for restitution and/or disgorgement under Ark. Code Ann. section 4-88-113 *et seq.* are precluded because such recovery would constitute an excessive penalty and forfeiture in

violation of TMCC's Eighth Amendment and federal and Arkansas due process rights, applicable statutory provisions, and rules of equity, among other things.

## Ninth Affirmative Defense

### (Release)

84.    Plaintiff's and/or putative class members' claims are precluded to the extent that such members of the putative class previously released some or all of their claims against TMCC.

## Tenth Affirmative Defense

### (Lack of Causation/Unjust Enrichment)

85.    Any alleged loss, damage or injury suffered by Plaintiff and/or putative class members was not proximately caused by any act or omission, wrongful or otherwise, of TMCC.  As a result, Plaintiff and/or putative class members are barred from asserting any cause of action against TMCC because it would unjustly enrich Plaintiff and/or putative class members.

## Eleventh Affirmative Defense

### (Ratification)

86.    Plaintiff's and/or putative class members' claims are precluded to the extent that they previously ratified TMCC's conduct with respect to the interpretation of their RIC.

## Twelfth Affirmative Defense

### (Accord and Satisfaction)

87.   Plaintiff's and/or putative class members' claims are precluded to the extent that they are barred by the doctrine of accord and satisfaction.

## Thirteenth Affirmative Defense

### (Comparative Fault)

88.   To the extent that Plaintiff and/or putative class members are at fault with respect to the matters complained of herein, and/or the alleged harm suffered, any recovery by them should be reduced by the proportion of such harm, if any, caused by said comparative fault.

## Fourteenth Affirmative Defense

### (Failure to Mitigate)

89.   To the extent that Plaintiff and/or putative class members have suffered harm, those claims are barred to the extent that they have failed to mitigate such harm.

## Fifteenth Affirmative Defense

### (Consent)

90.   By their own conduct, acts, and omissions, Plaintiff and/or putative class members consented to and acquiesced in TMCC's conduct.

## Sixteenth Affirmative Defense

(Offset)

91.     TMCC alleges that the amounts Plaintiff and putative class members seek to recover must be reduced by an amount equivalent to the sums owed to TMCC by Plaintiff and the putative class.

## Seventeenth Affirmative Defense

(Lack of Injury and Standing)

92.     The purported claims made by Plaintiff and members of the purported classes on whose behalf she purports to sue are barred by Article III of the United States Constitution in that they have not suffered injury in fact as a result of any alleged unfair business practices by TMCC.

## Eighteenth Affirmative Defense

(Good Faith)

93.     Plaintiff and/or putative class members' claims are barred by the fact that TMCC acted reasonably and in good faith at all times material herein.

## Nineteenth Affirmative Defense

(Adequate Remedy at law)

94.     To the extent Plaintiff and members of the purported class on whose behalf she purports to sue would be adequately compensated in an action at law for

damages, they have a complete and adequate remedy at law and are not entitled to seek equitable relief.

### Twentieth Affirmative Defense

(Plaintiff and Members' of the Purported Class' Failure to Perform)

95.    The claims made by Plaintiff and members of the purported class on whose behalf she purports to sue are precluded or limited to the extent they failed to properly maintain their obligations under the RIC.

### Twenty-First Affirmative Defense

(Fault of Third Parties)

96.    Any injury or damage allegedly suffered by Plaintiff and members of the purported class on whose behalf  she purports to sue was caused or contributed to by the conduct of persons or entities other than TMCC and such conduct offsets, eliminates, or comparatively reduces the liability, if any, of TMCC.

### Twenty-Second Affirmative Defense

(Intervening or Superseding Cause)

97.    Plaintiff's and/or putative class members' damages, if any, resulted from the acts or omissions of third parties over which TMCC has no control.  The acts or omissions of these third parties constitute intervening or superseding causes of the harm, if any, suffered by Plaintiff and the putative class members, and these

third parties should bear the responsibility of compensating Plaintiff's and/or putative class members for any alleged damages.

### Twenty-Third Affirmative Defense

(Conduct Not Unlawful)

98.    TMCC's practices put in issue by the FAC are not unlawful in that TMCC complied with all laws alleged in the FAC to have been violated.  The FAC is to that extent barred.

### Twenty-Fourth Affirmative Defense

(No Enjoinable Conduct)

99.    The FAC fails to show any entitlement to the remedy of injunctive relief in that it fails to state facts sufficient to show continuing acts, the threat of irreparable harm, or a reasonable likelihood of repetition of the alleged conduct if it were in fact established to be wrongful.

### Twenty-Fifth Affirmative Defense

(Proration)

100.   To the extent there is any actionable liability, TMCC is entitled to a proration of fault under the Arkansas Uniform Contribution Among Tortfesors Act, Arkansas Civil Justice Reform Act of 2003, and as otherwise provided by law.

## Twenty-Sixth Affirmative Defense

(Reservation of Additional Defenses)

101.   TMCC presently has insufficient knowledge or information upon which to form a belief as to whether it may have additional, as yet unstated, affirmative defenses available.  TMCC reserves the right to assert additional affirmative defenses in the event discovery indicates they would be appropriate.

## PRAYER FOR RELIEF

WHEREFORE, TMCC prays for judgment as follows:

102.   That Plaintiff and members of the putative class on whose behalf Plaintiff purports to sue take nothing by reason of the FAC and that judgment be rendered in favor of TMCC;

103.   That TMCC recover its expenses, costs, and attorneys' fees incurred in defense of this lawsuit; and

104.   That this Court grant TMCC such other and further relief as it deems just and proper.

Dated:  July 31, 2017

                      Respectfully submitted,


By   /s/ *Anna S. McLean*
       Anna S. McLean (*pro hac vice*)
       Joy O. Siu (*pro hac vice*)
       SHEPPARD MULLIN RICHTER &
       HAMPTON LLP


By   /s/ *Michael D. Barnes*
       Michael D. Barnes (88071)
       WRIGHT, LINDSEY & JENNINGS LLP


       Attorneys for Defendant
       TOYOTA MOTOR CREDIT CORPORATION

SMRH:483601332.1

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 31, 2017, I electronically filed the

foregoing with the Clerk of Court using the CM/ECF system, which

shall send notification of such filing to the following:

- Michael B. Phillips | mphillips@moffittandphillips.com
- Brandon K. Moffitt | bmoffitt@moffittandphillips.com
- Robert A. Horn | rhorn@hab-law.com
- Joseph A. Kronawitter | jkronawitter@hab-law.com
- Brian Timothy Meyers | btmeyers@btm-law.com
- Brian C. McCart | bmccart@btm-law.com


By /s/ *Joy O. Siu*
    Joy O. Siu