# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF ARKANSAS
## WESTERN DIVISION

| | | |
|---|---|---|
| MARIAN J. MENSIE, on behalf of herself and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>TOYOTA MOTOR CREDIT CORP.,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 4:17-cv-00085-DPM |

## AGREED DOCUMENT PRODUCTION PROTOCOL

1. <u>Definitions and Scope</u>. The following protocol shall control the production of discoverable documents and electronically stored information (collectively, "Documents"). As used in this protocol, the term Document(s) shall have the same meaning as used in the Federal Rules of Civil Procedure. The term "Receiving Party" shall mean the party receiving production of Documents in response to any request for production of document(s) pursuant to Fed. R. Civ. P. 34 or pursuant to initial production of documents identified in the party's Rule 26(a) disclosures. "Producing Party" shall mean the party producing Documents in response to any request for production of documents pursuant to Rule 34 or pursuant to initial production of documents identified in the party's Rule 26(a) disclosures.

2. <u>General Format of Production</u>. Subject to the provisions of paragraph 3, Documents that are produced in these proceedings, whether originally stored in paper or electronic form, shall be produced in electronic image form in the manner as described below.

3. <u>Production Format</u>. Documents shall be produced according to the following formats:

(a) <u>Paper Documents.</u>  Documents that are maintained in paper format shall be scanned as black and white images at 300 d.p.i., in a Group 4 compression single-page Tagged Image File Format ("TIFFs" or ".tiff format") and reflect the full and complete information contained in the original Document unless a document is redacted, in which case the Producing Party shall withhold the redacted text for that Document.

(b) <u>Electronically Stored Information</u>.  Except as provided in Paragraph 3(d) below, document images from electronic Documents shall be generated in a Group 4 compression single-page "TIFF" image.  In the event a Document is redacted, the Producing Party shall withhold the redacted text for that Document.  The failure to withhold such text for a redacted document by a Producing Party shall not be deemed a waiver of the privilege associated with that Document.

(c) <u>Resolution of Production Issues</u>.  Documents that cannot be read because of imaging or formatting problems shall be promptly identified by the Receiving Party.  The Producing Party and the Receiving Party shall meet and confer to attempt to resolve problem(s), to the extent the problem(s) are within the Parties' control.

(d) <u>Native Format Documents</u>.  "Native Format Documents" (or "Native Format") are defined as electronic Documents that have an associated file structure defined by the creating application.  Notwithstanding the foregoing provisions of this paragraph, the parties recognize that it may be appropriate for certain Documents to be produced in Native Format.

Additionally, the Producing Party reserves the right in the first instance to produce certain files (*e.g.*, spreadsheets) in native format. After receipt of the production, if the Requesting Party believes in good faith that certain documents should be produced in native format, it may request native format production. In that event, the Receiving Party and the Producing Party will meet and confer to discuss alternative production requirements, concerns, formats, methods and/or cost sharing. All redacted documents shall be produced in TIFF format and the Producing Party does not need to produce in Native Format a document that was redacted and produced in TIFF format.

(e)     Color. Documents shall be produced in black and white in the first instance. If a produced Document contains color and that color is necessary to decipher the meaning, context, or content of the document, the Producing Party shall honor reasonable requests for either the production of the original Document for inspection and copying or production of a color image of the Document. The Producing Party will pay the cost for the production of a reasonable number of color images to be decided by the Parties after meeting and conferring regarding the same.

(f)     Load File Structure. The Producing Party shall produce a unitization file ("load file") for all produced Documents in accordance with the following formatting:

**Images**:

- .opt file compatible with Concordance and Relativity

- Single page per image

- Single image per file

- TIFF format.

- Images shall be named as follows:
  <Bates num>.<ext> Where <Bates num> is the BATES number of the page, and <ext> is the format (.tif)

**Index Files**:

- CSV file containing metadata fields agreed to produce.

- .opt file compatible with Concordance and Relativity

- .dat file containing metadata fields agreed to produce

- .dii file compatible with Summation.

**Text Files**:

- Single Page OCR or extracted text files will be produced as .txt files with the file name mirroring the name of the .TIFF image.

4.      Production Media.  A Producing Party shall produce Documents on a CD-ROM, DVD, external hard drive, via a File Transfer Protocol ("FTP") or FileShare, or such other readily accessible computer or electronic media as the Producing Party and the Receiving Party may hereafter agree upon (the "Production Media").  If the Production Media is produced in physical form, the information that shall be identified on the face of the Production Media shall include: (1) the production date, and (2) the confidentiality notation required by the Protective Order to be entered in this case, if the media contains Confidential Information, as defined in that Protective Order.  The face of the Production Media shall also contain the Bates Number range(s) of the Documents on the Production Media, and where not practicable to do so, may be provided in an accompanying letter.  If the Production Media is produced via FTP or FileShare, the date the email with the FTP or FileShare link is transmitted to the Receiving Party shall be

considered the production date, and the media produced shall be Bates Numbered and stamped with the confidentiality notation required by the Protective Order entered in this case, if the media contains Confidential Information. If the Producing Party encrypts or "locks" the production, the Producing Party shall include with the production an explanation of how to decrypt the files.

5. Document Unitization. When scanning paper documents into Document Images as described in paragraph 3(a), the producing party should maintain logical unitization. For electronic documents, the relationship of documents in a document collection (*e.g.*, cover letter and enclosures, e-mail and attachments, or other documents where a parent-child relationship exists between the documents) shall be maintained through the conversion process from native format to TIFF, provided however, that the Parties shall only be required to present one level of parent-child relationship. Document Images generated from attachments to e-mails stored in Native Format shall be produced contemporaneously and sequentially immediately after the parent e-mail.

6. Paper Documents Containing Fixed Notes. Paper Documents that contain fixed notes shall be scanned with the notes affixed, if it can be done in a manner so as not to obstruct other content of the document. If the content of the Document is obscured by the affixed notes, the Document and note shall be scanned separately.

7. Duplicates. Except as provided for above, a Producing Party need not produce the same electronically stored information in more than one form. The Producing Party may de-duplicate its production across the entire production, or by custodian, at its sole discretion. Furthermore, the parties are not required to produce multiple instances of an electronic message sent to multiple recipients, provided that all of the recipients (including "blind carbon copy"

recipients) can be identified from Document(s) or their related metadata to be produced pursuant to this Protocol. Where a subsequent electronic mail message contains all of the portions of an earlier message produced pursuant to this Protocol, it is not necessary for a Producing Party to produce the earlier message in addition to the subsequent inclusive message. If the subsequent inclusive message does not include an attachment to an earlier message, the attachment must also be produced pursuant to this Protocol, in addition to the subsequent inclusive message.

8.     Bates Numbering. Each Producing Party shall Bates number its production(s) as follows:

(a)     Document Images. Each page of a produced Document shall have a legible, unique page identifier ("Bates Number") electronically "burned" onto the image at a location that does not unreasonably obliterate, conceal, or interfere with any information from the source document. No other legend or stamp will be placed on the Document Image other than a confidentiality legend (where applicable), redactions, the Bates Number identified above, and any other internal tracking number that the Producing Party may choose to use. The confidentiality legend shall be "burned" onto each document's image at a location that does not unreasonably obliterate or obscure any information from the source document.

9.     File Naming Conventions.

(a)     Document Images. Each Document Image shall be named with the unique Bates Number for each page of document, as set forth in Paragraph 8 above.

(b)     Native Format Documents. Native Format Documents shall be named by the beginning bates number of the document, the confidentiality designation of the file and file extension that corresponds to the original native format. Native Format Documents shall be treated as Confidential pursuant to the Protective Order that will be entered in this case.

10.     Meta-Data from Native Electronic Documents.  The Producing Party shall produce the information described below with each production and in the format described in Paragraph 3 above.  For images generated from native electronic documents, a Producing Party shall produce with each production the following meta-data fields, where available:

    a.      Custodian;

    b.      Document title (subject line for e-mails);

    c.      Author;

    d.      From (Sender/Author);

    e.      Begin Attachment(s);

    f.      End Attachment(s);

    g.      Attachment Ids (that is the bates number of the first page each attachment);

    h.      Document date (date sent for e-mails; latest chronologically date saved for electronic documents);

    i.      Date created (date the document was created);

    j.      Recipients (all "to"s) for e-mail;

    k.      Copyees (all "cc"s) for e-mail;

    l.      Blind copyees (all "bcc"s) for e-mail;

    m.      Starting Bates (beginning Bates number);

    n.      Ending Bates (ending Bates number); and

    o.      MD5 or SHA1 Hash for Native Format Documents;

11.     Data for Paper Documents.  The Producing Party shall produce the information described below with each production and in the format described in Paragraph 3 above.  For images generated from paper documents, a Producing Party shall produce with each production the following fields, where available:

      a.      Starting Bates (beginning Bates number);

      b.      Ending Bates (ending Bates number); and

      c.      Custodian (if applicable).

12.     Databases.  To the extent discovery requires production of discoverable electronic information contained in a database, in lieu of producing the database, the Producing Party shall produce exemplar reports from the database in image format as described in Paragraph 3; provided that the Receiving Party identifies specific fields of information to the Producing Party.  Upon review of the reports, the Receiving Party may make reasonable requests for additional information to explain the database scheme, codes, abbreviations, available fields and different report formats or to request specific data from identified fields.

13.     System Files.  Common system and program files need not be processed, reviewed or produced.

14.     Privilege Logs.  The Producing Parties will produce privilege logs in Excel format or a similar electronic format that allows text searching and organization of data.  A Producing Party will produce a privilege log within 60 days after each discrete document production from which those privileged documents have been withheld.  The Producing Party and the Receiving Party may modify the deadlines for production of privilege logs by agreement.

15.    Production of Documents.

      (a)    A written response to a request for the production of documents shall be due on the date required by Fed. R. Civ. P. 34 (b)(2)(a) unless the parties modify that date by mutual agreement, and any documents the responding party has not objected to producing in its written response shall be produced on a rolling basis thereafter, subject to an agreement by the parties as to the final production date;

      (b)    Nothing in this protocol shall be construed to affect or supersede the provisions of Fed. R. Civ. P. 34 (b)(2)(E)(i).

16.    Discovery and Admissibility.    Nothing herein shall be construed to affect the discoverability or admissibility of any document or data.    All objections to the discoverability or admissibility of any document or data are preserved and may be asserted at any time.

SO ORDERED this 25th day of September , 2017

_DPMarshall Jr._
UNITED STATES DISTRICT JUDGE

AGREED AS TO FORM AND CONTENT:

Dated:  September 25, 2017

PLAINTIFFS:

By /s/ *Michael B. Phillips*
    Michael B. Phillips
    Brandon K. Moffitt
    Trevor Brent Townsend
    Moffitt & Phillips, PLLC
    204 Executive Court, Suite 100
    Little Rock, AR 7225
    501.255.7406
    mphillips@moffittandphillips.com
    bmoffitt@moffittandphillips.com
    ttownsend@moffitandphillips.com


By /s/ *Joseph A. Kronawitter*
    Robert A. Horn
    Joseph A. Kronawitter
    Horn Aylward & Bandy, LLC
    2600 Grand Boulevard, Suite 1100
    Kansas City, MO 64108
    816.421.0700
    rhorn@hab-law.com
    jkronawitter@hab-law.com


By /s/ *Brian Timothy Meyers*
    Brian Timothy Meyers
    Brian C. McCart
    Law Offices of Brian Timothy
    Meyers
    1125 Grand Blvd., Suite 1610
    Kansas City, MO 64106
    816.842.0006
    btmeyers@btm-law.com
    bmccart@btm-law.com

DEFENDANTS:

By /s/ *Anna S. McLean*
    Anna S. McLean (*pro hac vice*)
    Joy O. Siu (*pro hac vice*)
    Sheppard, Mullin, Richter &
    Hampton LLP
    Four Embarcadero Center
    17th Floor
    San Francisco, CA 94111
    415.774.3154
    amclean@sheppardmullin.com
    jsiu@sheppardmullin.com


By /s/ *Michael D. Barnes*
    Michael D. Barnes (88071)
    Wright, Lindsey & Jennings LLP
    200 West Capitol Avenue
    Suite 2300
    Little Rock, Arkansas 72201-3699
    501.371.0808
    mdbarnes@wlj.com


By /s/ *Robert L. Jones, III*
    Robert L. Jones , III
    Vicki Bronson
    Conner & Winters, LLP
    4375 North Vantage Drive
    Suite 405
    Fayetteville, AR 72703
    479-582-5711
    bjones@cwlaw.com
    vbronson@cwlaw.com