IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

MARIAN MENSIE, individually
and on behalf of all others similarly
situated                                                                       PLAINTIFF

v.                              No. 4:17-cv-85-DPM

TOYOTA MOTOR CREDIT CORP.
and AUTOMOTIVE WARRANTY
SERVICES, INC.                                                          DEFENDANTS

ORDER

1. As directed, Mensie has added Automotive Warranty Services as a defendant. № 26 at 3. AWS is the administrator of Mensie's GAP contract. In her amended complaint, Mensie maintains her claims that TMCC violated the GAP contract and the Arkansas Deceptive Trade Practices Act by refusing the waive the full "gap" between what Mensie owed on her vehicle and how much the vehicle was worth just before she wrecked it. She alleges that TMCC and AWS acted as principal and agent, or joint venturers, in all this. AWS seeks dismissal of both claims.

2. AWS's motion, № 38, is denied. Like TMCC, AWS isn't a party to the contract—the agreement was between Mensie and the dealer. But by assignment TMCC stands in the dealer's shoes, № 26 at 2, and AWS, as claims administrator, stands with TMCC. AWS

therefore belongs in this action, at least for the time being.  As to the pleading-based arguments, it hurts Mensie's case that she doesn't recall receiving the GAP materials attached to her complaint before buying the RAV4.  № 31 at 4 n.3.  The record is still thin, though, and Mensie is entitled to discovery to fill it out.  The Court has already decided that Mensie's claims are plausible, № 26 at 2, and AWS hasn't persuaded the Court to change its mind.  The case, therefore, goes forward.

So Ordered.

*/s/ D.P. Marshall Jr.*
D.P. Marshall Jr.
United States District Judge

20 December 2017